**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO PRIMERO LUIS, | No. 13-70524 |
| Petitioner, | Agency No. A088-890-525 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Julio Primero Luis, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

Luis's opposed request for a referral to mediation is denied.

Substantial evidence supports the agency's denial of CAT relief because Luis failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

As to asylum and withholding of removal, Luis only contends he faced past harm and fears future harm as an indigenous individual and a member of the Achi tribe. Substantial evidence supports the agency's determination that the incidents of mistreatment Luis experienced did not rise to the level of persecution, even considered cumulatively. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination and harassment did not compel finding of past persecution). The record does not support Luis's contention that the IJ failed to consider the history of discrimination against indigenous people. In addition, even if indigenous Guatemalans are a disfavored group, substantial evidence supports the agency's determination that Luis failed to establish a well-founded fear of

persecution because he did not demonstrate sufficient individualized risk. *See*

*Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner did not show

individualized risk where he "failed to offer any evidence that distinguishes his

exposure" from that of other members of the group); *cf. Sael v. Ashcroft*, 386 F.3d

922, 927-29 (9th Cir. 2004). Further, we reject Luis's contention that the agency

erred by failing to address his claims under a particular social group analysis.

However, in denying Luis's asylum and withholding of removal claims, the

BIA did not address his contention that the IJ failed to conduct a pattern or practice

analysis of his claim. *See Sagaydak v. Gonzales*, 403 F.3d 1035, 1040 (9th Cir.

2005) (agency is "not free to ignore arguments raised by a petitioner"). Thus, we

grant Luis's petition for review in part, and remand his asylum and withholding of

removal claims for further proceedings consistent with this disposition. *See INS v.*

*Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**

13-70524